UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| H.A.C.F<br><br>　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>JOHN TSOUKARIS, Field Office Director of Enforcement and Removal Operations, New Jersey Field Office, Immigration and Customs Enforcement; Todd LYONS, Acting Director, Immigration and Customs Enforcement; Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW. | Case No.<br><br>**DECLARATION OF COUNSEL IN SUPPORT OF EMERGENCY ORDER TO SHOW CAUS** |

DECLARATION OF ROGER ASMAR, ESQ.

Roger Asmar, Esq. declares under penalty of perjury as follows.

1. I am an attorney engaged in the practice of immigration law.

2. I make this Declaration in support of the emergency motion, brought by Emergency Order to Show Cause, to stay the transfer of the Petitioner from the District of New Jersey pending the Court's determination of the contemporaneously filed Petition seeking habeas relief under 28 U.S.C. § 2241.

3. Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") on February 05, 2026.

4. He was detained despite the statutory command that TPS holders may not be detained or deported while TPS remains valid. See Ex. B DHS Warrant for Arrest of Alien, DHS Notice of Custody Determination.

5. Petitioner is in the physical custody of Respondents at Delaney Hall Detention Facility 451 Doremus Avenue, Newark, NJ 07105.

6. I have been advised that Petitioner is scheduled to be moved from New Jersey.

7. Petitioner is contemporaneously filing habeas relief under 28 U.S.C. § 2241 challenging detention as a violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment.

8. Petitioner has filed a Writ of Habeas Corpus requesting that Respondents release him from custody.

9. Petitioner seeks habeas relief under 28 U.S.C. § 2241, which is the proper vehicle for challenging civil immigration detention. *See Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

10. This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

11. This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 2242 because at least one Respondent is in this District, Petitioner is detained in this District, Petitioner's immediate physical custodian is located in this District, and a substantial part of the events giving rise to the claims in this action took place in this District. *See generally Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004).

13. I am advised by the Wife of the Petitioner (Lys Andrea Torres) that she was contacted by the Petitioner at 1 AM on February 12, 2026. I am advised that the ICE deportation officer advised Petitioner that he was being moved to a different facility in a different state. I am advised that he was told that this move would happen today, February 12, 2026 at 2 PM.

14. I submit this Declaration in support of the motion seeking the emergency stay of this transfer while the relief submitted herewith can be adjudicated by the Court.

WHEREFORE, I respectfully request that the Court grant the following relief:

A. Order that the Petitioner may not be transferred from the District of New Jersey pending the Court's determination of the contemporaneously filed Petition seeking habeas relief under 28 U.S.C. § 2241 and

B. Grant such further relief as this Court deems just and proper.

Dated on this 12 day of February 2026

    I, Roger Asmar, Esq. declare under penalty of perjury that the foregoing is true.

 

_____
ROGER ASMAR, ESQ.